IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICKEY COLIN, #207 739,            )
                                  )
        Plaintiff,                )
                                  )
v.                                )   CIVIL ACTION NO. 2:10-CV-740-TMH
                                  )              [WO]
LOUIS BOYD, *et al.*,             )
                                  )
        Defendants.               )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff an inmate incarcerated at the Easterling

Correctional Facility ["Easterling"] located in Clio, Alabama, challenges the actions of

correctional officials with respect to his classification as a restricted offender. Plaintiff also

challenges the conditions of confinement to which he is subjected at Easterling as well as

the imposition of a $1.00 processing fee on money orders received by inmates.  The named

defendants are Warden Louis Boyd, Deputy Warden Sconyers, Classification Supervisor

Sherry Seals, and Classification Specialist Tyrone Barrow.  Plaintiff seeks monetary

damages, a transfer to another correctional facility,  a court order that Defendants remove

him from the restricted offender classification, and an injunction prohibiting imposition of

the processing fee on incoming money orders.  (*Doc. No. 1.*)

In accordance with the  orders of the court, Defendants filed an answer,  special

report, and supporting evidentiary material in response to the allegations contained in the

complaint. The court then informed Plaintiff that Defendants' special report, may, at any

time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment.  Plaintiff  filed a response to the  special report filed by Defendants.  This case is now pending on Defendants' motion for summary judgment.  Upon consideration of the motion, Plaintiff's opposition to the motion, and the supporting and opposing evidentiary materials,  the court concludes that Defendants' motion for summary judgment  is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th  Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings,

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination.“  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail

on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of

party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt

as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, 475 U.S. at 587.

## II.  DISCUSSION

### A.  Restricted Offender Classification

Plaintiff alleges that Defendants conspired to classify him as a restricted offender in violation of his right to equal protection.  Defendants deny Plaintiff's claims and state that they do not have responsibility for classifying inmates as restricted offenders, a task which is assigned to the Alabama Department of Corrections' ["ADOC"] Central Review Board.  The evidentiary material submitted in support of Defendants' dispositive motion further reflects that Plaintiff is imprisoned pursuant to his convictions for murder during the course of a  robbery. In accordance with the ADOC's classification rules and regulations, the details underlying Plaintiff's crimes dictate his classification as a restricted offender. (*Doc. No. 18, Exhs. A-E.*)

#### i.  Equal Protection

Plaintiff complains that Defendants have denied him equal protection because they have removed other inmates  from restricted offender status while his requests for such treatment have been denied. (*Doc. Nos. 1, 20.*)  This claim entitles Plaintiff to no relief.

In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected

basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).

In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff fails to meet his pleading burden as he does not allege that Defendants

subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. To the extent Plaintiff relies on the fact that some inmates other than himself have been removed from restricted offender status as the basis for this claim, as explained, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff has failed to demonstrate that his claim of discrimination amounts to an equal protection violation. Defendants are, therefore, entitled to summary judgment on this claim.

*ii. Due Process*

To the extent Plaintiff complains that the classification level assigned to him at Easterling is improper, he is likewise entitled to no relief. An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process. Accordingly, Defendants are due to granted summary judgment on this claim.

*iii. Conspiracy*

Plaintiff contends that Defendants conspired to violate his equal protection rights by classifying him as a restricted offender.   In order to establish a § 1983 conspiracy claim, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). This requires that Plaintiff provide more than a label or a conclusion. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555  (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 556, 570)).   Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide   sufficient facts to show that an agreement was made. *Twombly*, 550 U.S. at 556.   In addition to pleading facts to show that an agreement was reached to deny Plaintiff's rights, an "underlying actual denial of [his] constitutional rights" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008).

Here, Plaintiff's claim of a conspiracy by the named defendants amounts to no more than a purely conclusory allegation that  fails to assert those material facts necessary to establish a conspiracy by Defendants. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a

claim upon which relief can be granted and is subject to dismissal). Accordingly, Defendants are entitled to summary judgment on this claim. *Iqbal*, 556 U.S. 678-79; *Fullman*, 739 F.2d at 556-557.

B.  *Conditions of Confinement*

Plaintiff describes a variety of conditions in existence at Easterling which he maintains amount to a violation of his Eighth Amendment rights. Variously these conditions and problems include an insufficient number of toilets, overcrowding, poor and inadequate air quality, excessive noise, and the housing of  mentally and physically ill inmates in general population. (*Doc. No. 1*.)

Defendants Boyd and Sconyers deny that Plaintiff is subjected  to unconstitutional conditions of confinement at Easterling.  They admit that Easterling is over its intended inmate capacity but deny that such condition amounts to a violation of Plaintiff's constitutional rights. Defendants Boyd affirms that Easterling is not unsanitary and that the restrooms are cleaned by assigned cleaners on a 24-hour basis. With regard to the institution's heating and ventilation system, Defendants Boyd and Sconyers state that there are no heating or cooling problems but when problems do arise the maintenance department is contacted and has adequate personnel to handle such issues. The dorms are also equipped with exhaust, floor, and wall fans, windows may be opened, and vents may be opened and closed.  Finally, Defendants Boyd and Sconyers note that Easterling, like other institutions throughout the state, houses physically ill inmates as well as mentally challenged inmates

who qualify for residency. In sum, Defendants maintain that Plaintiff was exposed to neither inhumane nor unsanitary conditions during his incarceration at Easterling. (*Doc. No. 18, Exhs. A, B*.)

The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). There is no "static test" for determining which conditions violate the Constitution. *Id*. at 346. Whether a violation exists requires a fact intensive determination of what conditions exist and whether objectively and subjectively the conditions offend the Constitution by amounting to seriously sufficient deprivations to which officials were deliberately indifferent. *See e.g., Farmer v. Brennan*, 511 U.S. 825 (1994). Only actions which deny inmates "the minimal civilized measure of life's necessities," are grave enough to establish constitutional violations. *Rhodes*, 425 U.S. at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991) (overcrowding, without more, does not rise to the level of a constitutional violation).

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In order to demonstrate the objective component of an Eighth Amendment violation with respect to conditions of confinement, a prisoner must prove that he was denied the "minimal civilized measure of

life's necessities." *Farmer*, 511 U.S. at 832.  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).  The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it.  *Farmer*, 511 U.S.  at 828, 834, 837.

In this case, Plaintiff alleges in conclusory terms that he is subjected to unconstitutional conditions of confinement at Easterling.  All of the conditions or problems identified by Plaintiff are unfortunately problems of prison life in general, a life which while not comfortable must be humane.  *Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007).  Defendants do not admit to any constitutional violation. While they concede that Easterling is over capacity, as noted, allegations of overcrowding alone are insufficient to state a claim under the Eighth Amendment and overcrowding alone is not *per se* unconstitutional. *Rhodes,* 452 U.S. at 348; *Castillo v. Cameron County, Tex.,* 238 F.3d 339 (5th  Cir. 2001).  Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhode*, 452 U.S. at 348.

Here,  Plaintiff has failed to establish a genuine dispute about whether the conditions about which he complains deprive him of the minimal civilized measure of life's necessities

-13-

or cause him serious harm. Additionally, Plaintiff has failed to produce evidence which shows that Defendants knew of an obvious risk of serious harm to him and disregarded that risk, *Farmer* 511 U.S. at 837, or that Defendants' actions resulted in the denial of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. The mere fact that the conditions and problems described by Plaintiff exist is insufficient to demonstrate a constitutional violation. Consequently, Defendants' motion for summary judgment on Plaintiff's claims challenging the conditions of confinement at Easterling is due to be granted.

*C. The Processing Fee*

Plaintiff challenges the Alabama Department of Corrections' ["ADOC"] imposition of a $1.00 processing fee for money orders sent to inmates. He contends that imposition of the processing fee violates his constitutional rights.[2] The ADOC provides the following information regarding the collection of processing fees for money orders and cashier checks sent to inmates:

> **Effective September 1, 2010** the Alabama Department of Corrections began collecting a $1.00 processing fee for each money order and cashier check received through the U.S. Postal Service or other similar conveyance that is processed and deposited into an inmate's PMOD account by the ADOC. The Department elected to collect the $1.00 processing fee to partially offset the costs associated with the substantial staff time required to manually open, sort, and physically deposit money orders and cashier checks into the bank.

---

[2]While Plaintiff argues that the processing fee is violative of his Eighth Amendment rights, it is clear that this claim is more appropriately analyzed under the Due Process Clause of the Fourteenth Amendment which provides that no state "shall deprive any person of life, liberty, or property without due process of law."

-14-

*Available at http://www.doc.state.al.us. (See also Doc. No. 18, Exh. B*.)

Although Plaintiff complains about being assessed a processing fee for money orders he receives, the court finds that the Alabama Department of Corrections has a reasonable interest in defraying the costs of incarceration which may include charging inmates for costs associated with expenses incurred by the prison in housing inmates. Put another way, Plaintiff has no constitutionally protected right to not pay the costs and/or fees associated with his desire to have access to various prison privileges including the availability of an inmate money account. *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974) ( "[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."). *Cf. Jensen v. Kleckler*, 648 F.2d 1179, 1183 (8th Cir. 1981) (holding that there was no basis for a due process claim where deduction from prisoner accounts for postage were "assessment[s] for value received" and plaintiffs did not contend that they did not receive the services for which they were charged); *Slade v. Hampton Road Regional Jail,* 407 F.3d 243, 251-53 (4th Cir. 2005) (holding that the imposition of an $1.00 per day room and board charge does not amount to a "punishment or fine" nor does the automatic deduction of this fee from an inmate's trust fund account constitute an unconstitutional interference with a property interest). Accordingly, the court concludes that the assessment of a nominal fee on money orders sent to inmates for the purpose of defraying some of the costs associated with processing such transactions, without more, fails to state a violation of

an inmate's federally protected constitutional rights.[3]  *See Sandin v. Connor*, 515 U.S. 472

(1995).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants'  motion for summary judgment (*Doc. No. 18*)  be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3.  This case be DISMISSED with prejudice; and

4.  Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **May 29, 2012** the parties may file objections to the

Recommendation.   Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects.   Frivolous, conclusive or

general objections will not be considered by the District Court.   The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

---

[3]Certainly, the court is unaware of any basis under which an inmate should be afforded greater protection under the Constitution from the assessment of fees and costs associated with the voluntary consumption and/or utilization of what amounts to optional goods and services (not associated with the provision of basic human needs) than is afforded an ordinary free-world citizen.  Further, according to the policy statement concerning fees associated with money orders, the $1.00 processing fee provides the sender of the money order with an alternative to the higher costs associated with sending funds electronically.  (*See Doc. No. 18, Exh. B*.)

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 14th day of May, 2012.


            /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE